UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LIONEL GIBSON,

    Plaintiff,

    v.

C. FOX and R. GROVE,

    Defendants.

CAUSE NO. 3:21-CV-837-JD-MGG

OPINION AND ORDER

Lionel Gibson, a prisoner without a lawyer, is proceeding in this case against Casework Managers Chelsea Fox and Ryan Grove "in their individual capacities for compensatory and punitive damages for failing to protect him from attack by other inmates on November 15, 2019, in violation of the Eighth Amendment[.]" ECF 10 at 7. The defendants filed a motion for summary judgment, arguing Gibson did not exhaust his administrative remedies prior to filing this lawsuit. ECF 22. Gibson filed a response and the defendants filed a reply. ECF 37, 40. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus,

2

when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The parties provide evidence showing the following facts: On November 27, 2019, while Gibson was housed at Miami Correctional Facility ("MCF"), he submitted Grievance 110295 to MCF's grievance office, complaining of the defendants' failure to protect. ECF 22-4 at 3. On December 21, 2019, Gibson received a response denying Grievance 110295 on its merits. *Id.* at 1; ECF 22-1 at 7. That same day, Gibson requested an appeal form. ECF 37-2 at 40. On December 26, 2019, MCF's grievance office sent Gibson an appeal form through the mail. ECF 22-1 at 7; ECF 37-2 at 40. On December 27, 2019, Gibson was transferred from MCF to New Castle Correctional Facility. ECF 22-1 at 8; ECF 22-6. Gibson's belongings were packed for the transfer on December 26, 2019, and he did not receive the appeal form in the mail prior to his transfer. ECF 37-1 at 6; ECF 37-2 at 6. On January 2, 2020, Gibson contacted the Grievance Specialist at New Castle and requested assistance in receiving a grievance appeal form. ECF 37-2 at 7, 41. On January 20, 2020, Gibson again contacted New Castle's Grievance Specialist about the delay in receiving an appeal form. *Id.* at 7-8, 42. The Grievance Specialist assured him she would contact MCF's grievance office and ensure the delay in receiving an appeal form would not affect his ability to exhaust his remedies. *Id.* at 8, 42. On January

3

23, 2020, Gibson received an appeal form from MCF's grievance office. *Id.* at 8. On January 28, 2020, he completed and submitted the appeal form to MCF's grievance office, along with an explanation for the delay. *Id.* at 8, 43-46. On January 29, 2020, MCF's grievance office rejected the appeal form as untimely. *Id.* at 8-9. Because neither party disputes these facts, the court accepts them as undisputed.

The defendants argue Gibson did not exhaust his administrative remedies because he did not timely appeal the grievance office's denial of Grievance 110295. In response, Gibson concedes he did not timely appeal the grievance office's denial of Grievance 110295, but argues he was unable to do so due to his transfer to New Castle.

Here, the undisputed facts clearly show Gibson's administrative remedies became unavailable due to his transfer to New Castle. Specifically, Gibson provides evidence he timely requested a grievance appeal form at MCF, was transferred to New Castle before he received the form, and continued to take all available steps at New Castle to obtain an appeal form as quickly as possible. He then submitted a completed appeal form as early as possible and provided an explanation for the delay, but MCF's grievance office rejected the appeal form as untimely. Because Gibson took all available steps to appeal the grievance office's denial of Grievance 110295 but was unable to do so, the undisputed facts clearly show his administrative remedies were not available. Under these facts, the Court is bewildered by the defendants' persistence in pursuing an exhaustion defense. Their motion for summary judgment is denied.

Lastly, Gibson has filed a notice to the court of a Southern District of Indiana decision (ECF 41), which the defendants have moved to strike (ECF 42). Because the

4

Southern District of Indiana decision has no impact on the outcome of this case, the defendants' motion to strike will be denied as moot.

For these reasons, the court DENIES the defendant's motion for summary judgment (ECF 22) and DENIES AS MOOT the defendants' motion to strike (ECF 42).

SO ORDERED on April 12, 2023

/s/ Jon E. DeGuilio
CHIEF JUDGE
UNITED STATES DISTRICT COURT