UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LIONEL GIBSON, <br><br> Plaintiff, <br><br> v. <br><br> C. FOX and R. GROVE, <br><br> Defendants. | CAUSE NO. 3:21-cv-837-JD |

OPINION AND ORDER

Lionel Gibson, a prisoner without a lawyer, is proceeding in this case against Casework Managers Chelsea Fox and Ryan Grove "in their individual capacities for compensatory and punitive damages for failing to protect him from attack by other inmates on November 15, 2019, in violation of the Eighth Amendment[.]" ECF 10 at 7. The defendants filed a motion for summary judgment, arguing they did not violate Gibson's Eighth Amendment rights. ECF 74. Gibson filed a response and the defendants filed a reply. ECF 84, 85, 86, 91. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks omitted). "Deliberate indifference occupies a space slightly below intent and poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee Cty.*, 44 F.4th 605, 615 (7th Cir. 2022) (quoting *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)); *see also Rasho v. Jeffreys*, 22 F.4th 703, 710 (7th Cir. 2022) (stating that deliberate-indifference claims will fail absent evidence of "callous disregard" for inmate wellbeing). "Negligence, or even objective recklessness, is insufficient to satisfy deliberate indifference." *Stockton*, 44 F.4th

at 615. Thus, a prison official that takes "reasonable steps" to prevent harm to a prisoner is not liable for subsequent injuries, even if the official acted negligently or did not act as quickly as possible to abate all risks. *Bagola v. Kindt*, 131 F.3d 632, 647-48 (7th Cir. 1997); *see also Hunter v. Mueske*, 73 F.4th 561, 566 (7th Cir. 2023) (as long as a prison official takes measures "reasonably calculated" to address the risk faced by an inmate, he cannot be held liable under § 1983, even though he ultimately failed to prevent the injury).

The defendants argue summary judgment is warranted in their favor because they took reasonable steps to ensure Gibson's safety by investigating his claims while working to transfer him to a new cellhouse. ECF 75 at 3-7. Gibson responds the defendants were deliberately indifferent for leaving him in his cell after he warned them he was at risk of being attacked. ECF 85 at 5-7, 14-23.

The parties provide evidence showing the following facts: On November 15, 2019, Gibson spoke with the defendants in their office about concerns he was having with two inmates named William O'Bryan and Calvin Lyons. ECF 74-1 at 1; ECF 84-1 at 227. Specifically, Gibson informed the defendants he'd previously had conflict with those inmates, was supposed to be kept separate from those inmates, and had recently learned those inmates put a "hit" out on him and assaulted another inmate for trying to warn him. ECF 84-1 at 221-227; ECF 86 at 3. Gibson requested he be moved to the "IHU" housing unit because it was more secure than the other housing units and offered more programs. ECF 84-1 at 228. The defendants checked Gibson's "Separatee list" and noted the names William O'Bryan and Calvin Lyons were not on the list. ECF

3

74-1; ECF 78-1. They informed Gibson they could not guarantee a move because the facility had limited the number of bed moves per day, and instructed him to return to his cell and "act normal" while they inquired about moving him to a different housing unit. ECF 74-1 at 1; ECF 84-1 at 228. Gibson expressed that he understood and returned to his cell. ECF 74-1 at 1. He did not request protective custody at any time. *Id.* At 11:29 a.m., Caseworker Fox emailed a staff member to inquire about moving Gibson to the IHU. ECF 74-2. Around 3:00 p.m., Caseworker Grove came to Gibson's cell and told him prison staff were working on moving him to a different cellhouse "within the hour." ECF 84-1 at 228. The defendants' shifts ended and they left the prison facility. *Id.* Around 7:45 p.m., while Gibson was still in his original cell, he was assaulted and stabbed by other inmates. *Id.*; ECF 74-4. Because neither party disputes these facts, the court accepts them as undisputed.

Here, no reasonable jury could conclude the defendants were deliberately indifferent to Gibson's welfare, as the undisputed facts show they took reasonable steps to ensure his safety. Specifically, it is undisputed the defendants responded reasonably to Gibson's request for a cell transfer by checking his Separatee list, e-mailing a member of prison staff about moving him to his preferred cellhouse, and working to transfer him to that cellhouse that same day. By taking reasonable steps to facilitate a timely cell transfer, the defendants exhibited concern for Gibson's welfare. *See Stockton*, 44 F.4th at 615. In his response, Gibson argues there is sufficient evidence the defendants knew or should have known he faced serious risks (ECF 85 at 14-23), but he doesn't argue or provide any evidence the defendants' response to those risks was unreasonable. To the

4

extent Gibson argues the defendants should have done more to guarantee his safety, there is no evidence they could have acted any faster to change his cell, and it is undisputed he never requested protective custody. And even assuming the defendants were negligent for returning Gibson to his original cell while working to facilitate his cell transfer, this does not rise to the level of deliberate indifference. *See Stockton*, 44 F.4th at 615; *Bagola*, 131 F.3d at 647-48. Because the undisputed facts show the defendants took reasonable steps to ensure Gibson's safety by working to facilitate a timely cell transfer, no reasonable jury could conclude they violated his Eighth Amendment rights. Summary judgment is therefore warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 74); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Lionel Gibson and to close this case.

SO ORDERED on May 30, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT